IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS BROWN; LILLIE JOHNSON;<br>DERREL AND LYNDA POWELL; LORETTA<br>PATTERSON; LARRY AND NANCY<br>STEARLEY; AND RICHARD AND CHERYL<br>POE,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER: 07-597<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company aver as follows:

## JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in a mortgages upon Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff has

exercised that right by delivering written notice of his or her election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1.      Plaintiffs are all of full age of majority and reside in this district.

2.      Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

**Applicable Truth In Lending Act Requirements**

3.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required

notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to each of the Plaintiffs' loans AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9. With respect to each of the Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.

3

The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned.

10.     Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11.     Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

12.     AMC is a  "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Brown Loan**

13.     Plaintiff Louis Brown is an adult resident of Mobile County, Alabama and at all material times resided at 1252 Partridge Street in Mobile, Alabama.

14.     On or about February 18, 2005, Mr. Brown obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Brown Loan").

15.     AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

16.     With respect to the Brown Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

17.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms Brown retained her right to cancel the transaction.

18.     By letter dated August 7, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

**COUNT I**
**TILA Violations - Brown**

21.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.     Plaintiff has properly and effectively cancelled and rescinded the Brown Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     Defendant has violated TILA, with respect to the Brown Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Louis Brown respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

5

B)  Actual damages in an amount to be determined at trial;

C)  Rescission of the Brown Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)  A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)  An award of reasonable attorney fees and costs; and

H)  Such other relief at law or equity as this Court may deem just and proper.

**The Johnson Loan**

24.  Plaintiff Lillie Johnson is an adult resident of Mobile County, Alabama and at all material times resided at 1858 St. Stephens Court in Mobile, Alabama.

25.  On or about January 7, 2005, Ms. Johnson obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $100,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Johnson Loan").

26.  AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

27.  With respect to the Johnson Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with

6

the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Johnson retained her right to cancel the transaction.

29.     By letter dated July 10, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

30.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**COUNT II**
**TILA Violations - Johnson**

32.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

33.     Plaintiff has properly and effectively cancelled and rescinded the Johnson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34.     Defendant has violated TILA, with respect to the Johnson Loan, in at least the following ways:

>    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

>    (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

7

WHEREFORE, Plaintiff Lillie Johnson respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Johnson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Powell Loan**

35. Plaintiffs Derrel and Lynda Powell are married and, at all material times, resided at 47 Oak Avenue in Satsuma, Alabama.

36. On or about January 19, 2006, Mr. and Mrs. Powell obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $85,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Powell Loan").

37. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Powell loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no

8

point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38.     With respect to the Powell loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

39.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Derrel and Lynda Powell retained their right to cancel the transaction.

40.     By letter dated May 18, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

### COUNT III
### TILA Violations - Powell

43.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45.     Defendant has violated TILA, with respect to the Powell Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)   By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Derrel and Lynda Powell respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Powell Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Patterson Loan**

46.   Plaintiff Loretta Patterson is an adult resident of Mobile County and, at all material times, resided at 2752 McGrew Court in Mobile, Alabama.

10

47.     On or about April 15, 2004, Ms. Patterson obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $92,410 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Patterson Loan").

48.     AMC failed to provide the required notices of the Plaintiff's right to cancel the Patterson loan. The form notices that were supplied to Ms Patterson were blank, unsigned and not dated. At no point at or after closing was Ms Patterson provided a completed, dated or signed notice of her right to cancel the transaction.

49.     With respect to the Patterson Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms Patterson retained her right to cancel the transaction.

51.     By letter dated June 13, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

52.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**COUNT IV**
**TILA Violations - Patterson**

54.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

11

55.     Plaintiff Loretta Patterson has properly and effectively cancelled and rescinded the Patterson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendant has violated TILA, with respect to the Patterson Loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Loretta Patterson respectfully request that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Patterson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Stearley Loan**

57.     Plaintiffs Larry and Nancy Stearley are married and, at all material times, resided at 602 St. Andrews Drive in Gulf Shores, Alabama.

58.     On or about April 14, 2005, Mr. and Mrs. Stearley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $234,378 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Stearley Loan").

59.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the Stearley loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60.     With respect to the Stearley loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

61.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Larry and Nancy Stearley retained their right to cancel the transaction.

62.     By letter dated July 5, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

63.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT V
## TILA Violations - Stearley

65.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67.     Defendant has violated TILA, with respect to the Stearley Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and
>
> (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Larry and Nancy Stearley respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Stearley Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

14

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Poe Loan**

68.    Plaintiffs Richard and Cheryl Poe are married and, at all material times, resided at 4 Union Pass in Spanish Fort, Alabama.

69.    On or about July 21, 2005, Mr. and Mrs. Poe obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $261,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Poe Loan").

70.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Poe loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

71.    With respect to the Poe loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

72.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Richard and Cheryl Poe retained their right to cancel the transaction.

73.    By letter dated May 22, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

15

74.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT VI
## TILA Violations - Poe

76.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

77.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78.    Defendant has violated TILA, with respect to the Poe Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and
>
> (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Richard and Cheryl Poe respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A)    Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B)    Actual damages in an amount to be determined at trial;
>
> C)    Rescission of the Poe Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

16

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile, AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

JAMES D. PATTERSON (PATTJ6485)
Attorney for Plaintiff
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, Alabama 36533
Voice 251.990.5558
Fax 251.990.0626
jpatterson@alalaw.com

17

EARL P. UNDERWOOD, JR.  (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

18